```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                               :
JULIE A. FRIEG,                                :
                                               :        CASE NO. 12-CV-02455
              Plaintiff,                       :
                                               :
vs.                                            :        OPINION & ORDER
                                               :        [Resolving Doc. No. 17]
CITY OF CLEVELAND, et. al.,                    :
                                               :
              Defendants.                      :
                                               :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This is a case about whether City of Cleveland police officers used excessive force while handcuffing Plaintiff Julie Frieg. Frieg brought this 42 U.S.C. § 1983 action against Defendants: (1) the City of Cleveland; (2) Chief of Police Michael McGrath; (3) Patrolman Christopher Ereg; and (4) certain Unknown Police Officers.[1] Frieg says that Patrolman Ereg and the Unknown Officers placed handcuffs on her too tightly.[2] She also says that the City of Cleveland and Chief McGrath failed to adequately train its officers in handcuffing procedure.[3] Now the City and McGrath move the Court to dismiss Frieg's complaint under Federal Rule of Civil Procedure 12(b)(6).[4] For the reasons below, the Court **GRANTS** the City's and McGrath's motion to dismiss.

**I. Background**

*A. The Arrest and Handcuffs*

The following is Frieg's version of events. On October 3, 2012, Patrolman Ereg and the

---

[1] Doc. 1.
[2] Doc. 1 at 3.
[3] Doc. 1 at 6.
[4] Doc. 17.

Case No. 12-CV-02455
Gwin, J.

Unknown Officers placed Frieg under arrest.[5] Ereg dragged Frieg to their patrol car and locked her inside.[6] There, Frieg complained to the officers that the handcuffs were too tight and causing her great pain.[7] Yet they did not remove or loosen the handcuffs.[8] Upon their arrival at the police station, Frieg repeated her complaints about the tightness of the handcuffs causing her pain.[9] Again, the officers did not remove or loosen the handcuffs.[10] Instead, one officer asked her, "Didn't you say those (handcuffs) were too tight?"[11] Frieg said, "Yes."[12] The officer said, "Well, I'll leave them on a little longer."[13] Later that day, the officers removed the handcuffs and released Frieg from custody.[14] She then sought medical treatment for her injuries.[15]

*B. Procedural History*

In October 2012, Frieg brought this § 1983 action against the City of Cleveland, Chief of Police Michael McGrath, Patrolman Christopher Ereg, and the Unknown Police Officers.[16] The City of Cleveland and McGrath have moved the Court to dismiss Frieg's complaint under Rule 12(b)(6) because they say that Frieg's complaint fails to state a claim on which relief can be granted.[17] Frieg

---

[5] Doc. 1 at 3.
[6] Doc. 1 at 3.
[7] Doc. 1 at 3.
[8] Doc. 1 at 3.
[9] Doc. 1 at 3.
[10] Doc. 1 at 3.
[11] Doc. 1 at 3.
[12] Doc. 1 at 3.
[13] Doc. 1 at 4.
[14] Doc. 1 at 4.
[15] Doc. 1 at 4.
[16] Doc. 1.
[17] Doc. 17.

Case No. 12-CV-02455
Gwin, J.

opposed the motion,[18] and McGrath and the City replied.[19]

## II. Legal Standard

A court may grant a motion to dismiss only when "it appears beyond doubt" that the plaintiff fails to state a claim upon which relief may be granted.[20] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[21] Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain . . . a short plain statement of the claim showing that the pleader is entitled to relief."[22] In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[] veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's conclusory allegations as true.[23]

## III. Law & Analysis

*A. Police Chief Michael McGrath*

First, the Court finds that Frieg's suit against McGrath in his official capacity is actually a suit against the City of Cleveland. The Sixth Circuit has said that "'a section 1983 action against a city official in his or her official capacity is treated as an action against the City entity itself.'"[24] Here, to the extent that Frieg brings her § 1983 claims against McGrath in his official capacity, the Court construes them as claims against the City of Cleveland. Because Frieg has named the City of

---

[18] Doc. 25.
[19] Doc. 34.
[20] Fed. R. Civ. P. 12(b)(6); *Conley v. Gibson*, 355 U.S. 41, 45 (1957).
[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[22] Fed. R. Civ. P. 8(a)(2).
[23] *Iqbal*, 556 U.S. at 667.
[24] *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003) (quoting *Barber v. City of Salem*, 953 F.2d 232, 237 (6th Cir. 1992)).

-3-

Case No. 12-CV-02455
Gwin, J.

Cleveland as a defendant, her claims against McGrath in his official capacity are duplicative. Thus, Frieg has failed to state claim on which relief can be granted, and the Court dismisses Frieg's claims against McGrath in his official capacity.

Second, the Court finds that Frieg has failed to state a claim against McGrath in his individual capacity because she has failed to plead facts showing that McGrath participated in Frieg's handcuffing or encouraged the officers' purportedly unconstitutional handcuffing. A person sued in his individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior.[25] Here, Frieg fails to allege that McGrath participated directly in her handcuffing. Instead, she says that "McGrath failed to adequately train and supervise police officers in the procedure of placing handcuffs and correctional procedure for altering the tightness of handcuffs."[26]

But § 1983 liability cannot be premised solely on a theory of *respondeat superior*, or the right to control employees.[27] The Sixth Circuit has said that "[s]upervisory officials are not liable in their individual capacities unless they 'either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'"[28]

Here, Frieg has failed to plead facts showing that McGrath encouraged, authorized, or

---

[25] *See Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991) (holding that personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants").

[26] Doc. 1 at 6.

[27] *Hays v. Jefferson Cnty.*, 668 F.2d 869, 872 (6th Cir. 1982).

[28] *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (quoting *Hays*, 668 F.2d at 874)).

-4-

Case No. 12-CV-02455
Gwin, J.

approved the officers' purportedly too-tight handcuffing. Instead, she pleads only that "Defendant McGrath failed to adequately train and supervise police officers in the procedure of placing handcuffs."[29] But McGrath's role as the officers' supervisor is not enough to save Frieg's claims because she has failed to plead facts showing that McGrath encouraged, authorized, or approved the officers' purportedly unconstitutional actions. The contrary conclusion would subject McGrath to *respondeat superior* liability based on his right to control the officers. Thus, the Court dismisses Frieg's claims against McGrath in his individual capacity.

B. *The City of Cleveland*

The Court dismisses Frieg's failure to train claim against the City of Cleveland because she has failed to plead facts showing the City's purported failure to train was more than an isolated incident, and she has failed to plead facts showing that the City knew that its handcuff training was deficient and likely to cause injury. The Supreme Court has held that municipalities can be sued under § 1983 not on the basis of *respondeat superior*, but only when "there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation."[30] Importantly, to succeed on a failure to train claim, a plaintiff must usually show "prior instances of unconstitutional conduct demonstrating that the [municipality] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury."[31]

Here, Frieg has pled only the conclusory allegation that the "Defendant City . . . failed to

---

[29] Doc. 1 at 6.
[30] *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).
[31] *Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir.2005).

-5-

Case No. 12-CV-02455
Gwin, J.

adequately train and supervise police officers in the procedure of placing handcuffs."[32] She also says that "[a]lthough Defendants were on notice of the obvious need to train . . . [their failure to train was] deliberately indifferent to the feelings and needs of handcuffed individuals."[33] But Frieg's statements are only legal conclusions. And, a pleading that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet the Rule 8 pleading standard.[34] Specifically, Frieg has failed to plead facts showing that the City of Cleveland has a policy or custom that results in too-tight handcuffing of suspects. She has also failed to plead facts showing that the City of Cleveland had notice of abusive handcuffing by its officers, nor did she plead facts showing other instances of too-tight handcuffing besides her own. Thus, because Frieg has failed to plead facts showing that the City's purported failure to train was more than an isolated incident, and because she has failed to plead facts showing that the City knew that its handcuff training was deficient, the Court dismisses Frieg's claims against the City.[35]

### IV. Conclusion

For the reasons stated above, this Court **GRANTS** the City of Cleveland's and Police Chief McGrath's motion to dismiss.

---

[32] Doc. 1 at 6.
[33] Doc. 1 at 6-7.
[34] *Iqbal*, 556 U.S. at 677.
[35] Even reading Frieg's complaint in a light most favorable to her, it is unclear whether she claims that the City of Cleveland's handcuffing policy is unconstitutional. Doc. 1 at 6. Because Frieg has failed to provide the Defendants with sufficient notice of an unconstitutional policy claim, and because Frieg failed to respond to Defendant's argument to dismiss this claim, the Court dismisses Frieg's claim for unconstitutional handcuffing.

-6-

Case No. 12-CV-02455
Gwin, J.

  IT IS SO ORDERED.


Dated: June 23, 2013             s/ *James S. Gwin*
                     JAMES S. GWIN
                     UNITED STATES DISTRICT JUDGE